## M. L. VANADA ET AL *v.* JOHN R. KASS ET AL.

**Color of Title—Fraudulent Assignment—Possession of Land Under.**
   The possession and occupancy of lands under color of title, will give no rights thereunder to the holder of the premises, where the title thus asserted is procured by a fraudulent transfer.

**Lands and Conveyances—Original Survey—Assignment of—Fraudulent Conveyance.**
   An assignment of an original survey to a large tract of land, on a copy of the original, was made and afterwards the lands were patented tc the assignor. The assignment was without consideration an at a time when the assignor was seeking to absolve himself of a large obligation on a bond of a defaulting sheriff. Held, to be a fraudulent transfer of title, though the assignee acquired possession of the lands after the death of the assignor.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

May 23, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellants, the heirs at law of Solomon Vanada and William Briscoe, deceased, who were residuary devisees of John Kass, who died about the year 1826, brought this suit in equity against John R. Kass and others, the heirs of William Kass, deceased, to compel a conveyance to the plaintiffs of a tract of about 170 acres of land patented on the 23rd of August, 1822, by the Commonwealth of Kentucky to said William Kass, assignee of Matilda Dodd, in consideration of a certificate of survey to said William Kass as

assignee as aforesaid, dated the 15th day of August, 1817. The plaintiffs founded their claim on the following assignment endorsed on a copy of said certificate, which William Kass is supposed to have held the original on which the grant was subsequently issued to him:

> "I assign the original survey, of which this is copy, to John Kass for value received.
> June 11th, 1822.            "WILLIAM KASS.
> "Test: Enoch Prince."

It is alleged in the petition that notwithstanding said assignment, William Kass afterwards obtained said patent wrongfully and without John Kass's consent.

John R. Kass defended the action, denying the execution of said assignment, and charging that if made at all, it was without consideration, and in pursuance of a fraudulent arrangement between said John and William Kass to secure the property of the latter from his liability as one of the sureties of a defaulting sheriff, and that the possession of the land was not delivered or recognized under said assignment. He also relied on the lapse of time and length of possession adverse to the plaintiffs' claim in bar of the action.

The execution of the assignment is sufficiently proved, but the evidence conduces to the conclusion, also, that it was made without consideration and for the purpose alleged in the defense. John Kass, who was a brother of William, and an unmarried man, appears to have resided with his brothers at the time, and to have had but little means, and although he seems to have claimed his brother's land under some assignment or transfer, he appears to have acquiesced in a statement made by James Ford, as proved by the witness Canada, that there was no consideration for the assignment. The failure to transfer the original certificate of survey instead of a copy, and the neglect of John Kass, while he lived, to assert his claim by any proceeding, although during that time the patent was issued to William Kass, are circumstances tending strongly, also to sustain the charge that the assignment was a mere device, and fraudulent alike on the part of both John and William Kass.

Although the land in controversy remained in an unimproved state for many years, William Kass, who resided on the adjoining tract, seems to have claimed it and exercised acts of ownership over it until his death, which occurred about 1832. The first

actual occupancy of the land was under the title of William Kass in 1852, and though the appellants seem to have gotten some possession or control of the land afterwards, they appear to have done so illegally, or by collusion with a tenant of the appellees, and there is evidence tending to show the possession was afterwards in a tenant of the appellees.

The court below dismissed the action, and the plaintiffs have appealed to this court.

Whatever might have been the effect on the rights of William Kass of the fraud intended to, he perpetuated by the assignment to John Kass, and if under color of said assignment the latter had acquired the title or possession of the land, we are of the opinion that said transaction gave John Kass no rights which, on the state of case presented in this record, could entitle the appellants as the heirs of his devises to recover in this action.

Wherefore, the judgment is affirmed.

*James & John W. Bush, for appellants.*